IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN FOSTER AND LAURA FOSTER                                              PLAINTIFFS

v.                              2:25-cv-00151-JM

CHRISTOPHER SMITH                                                          DEFENDANT

LAQUARRI JACKSON, TAMARA OLIVER,
MARIA PLEDGE                                                     PROPOSED INTERVENORS

## ORDER

This case involves a multi-car accident that occurred on Interstate 55 in Arkansas. John and Laura Foster filed a complaint to recover against Christopher Smith for injuries they allege were caused by his negligence in causing the accident. Pending is a motion to intervene filed by three additional parties, each of whom were in separate cars and who also claim injuries as a result of the accident. (Doc. No. 5). Defendant does not oppose the motion to join these individuals as additional plaintiffs. Plaintiffs do.

Proposed intervenors argue both intervention as of right and permissive intervention pursuant to Federal Rule of Civil Procedure 24(a) and (b). Intervention of right is available to anyone who "(1) files a timely motion to intervene; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1004 (8th Cir. 2020) (cleaned up). The Court finds that proposed intervenors are not entitled to intervene as a matter of right. Their hope to share in any insurance proceeds available from the negligent driver's policy does not satisfy as an "interest relating to the property or transaction." *See Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007).

Turning to the issue of permissive intervention, Rule 24(b) provides that "[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common...." Fed.R.Civ.P. 24(b). The decision to grant intervention under this subsection is "wholly discretionary," and the focus is "whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *S. Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Under this standard, the Court finds that the proposed intervenors should be allowed to join this action as plaintiffs. The claims of Plaintiffs and the intervenors arise from the same car accident and thus share common questions of fact. This case was filed on July 2, 2025, and the motion to intervene was filed on August 25, 2025. An initial scheduling order was entered on August 21, 2025 (Doc. No. 4), and the intervenors will be required to adhere to the deadlines set forth therein. Thus, Plaintiffs will not be delayed in their prosecution of their claims. Plaintiffs argue against intervention on the basis that the injuries and damages will be significantly different which will make the case more complicated and risk confusing the jury. There are already two plaintiffs with differing injuries and damages. Adding three more will not cause prejudice to the original Plaintiffs. Furthermore, the Court will consider bifurcating the claims for damages at a later date, upon motion.

For these reasons, the motion to intervene as plaintiffs filed by Laquarri Jackson, Tamara Oliver, and Maria Pledge (Doc. No. 5) is GRANTED.

IT IS SO ORDERED this 18th day of September, 2025.

_____
JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE